I respectfully dissent.
This case is not about the statute of frauds, or any statute of limitations, or failure of consideration, with which the majority seeks to make a coupling analogy. This case is about a contract which could be void because it is against public policy. Shieldsv. Early, 132 Miss. 282, 287, 95 So. 839, 841 (1923).
Rule 8(c) M.R.C.P. may very well keep a party from offering evidence of a matter which should have been pled as an affirmative defense in his pleading. Fishing Fleet, Inc. v.Trident Ins. Co., Ltd, 598 F.2d 925 (5th Cir. 1979); Jakobsenv. Massachusetts Port Authority, 520 F.2d 810 (1st Cir. 1975). But surely, Rule 8(c) does not obligate a court to enforce a contract which the unfettered proof at trial shows is against public policy and therefore void simply because a party has failed to affirmatively plead it. To announce as the law of this State that a court must enforce a contract void as against public policy if it was not pleaded as an affirmative defense creates a judicial obligation which I would think this Court should be reluctant to affix its name.
Of this we may be certain: the interpretation the Federal courts have placed on Rule 8(c) for over 40 years is at odds with the majority's interpretation of our identical words. Failure to plead matter which unquestionably constitutes an affirmative defense does not preclude a party from taking advantage of opposing party's proof, if such proof establishes defense.Lomartira v. American Auto Ins. Co., 245 F. Supp. 124, aff'd371 F.2d 550 (2nd Cir. 1965). Even though not specifically pleaded, when an issue is received and considered by the trial court, the issue is before the court of appeals. Vernon LumberCorp. v. Harcen Const. Co., 155 F.2d 348 (2d Cir. 1946). If the opposing side offers evidence of the defense, then a failure to plead does not constitute a waiver. Jones v. Miles,656 F.2d 103 (5th Cir. 1981). Depositor's Trust Co. v. Slobusky,692 F.2d 205 (1st Cir. 1982) (the trial court has the discretion to consider an affirmative defense which was not specifically pleaded).
 Failure to plead matter which constitutes an affirmative defense does not, however, preclude a party from taking advantage of the opposing party's proof, if such proof establishes the defense. Thus although illegality is normally an affirmative defense, if the illegality appears on the face of the contract, or from the opening statement of plaintiff's counsel, or from plaintiff's proof, the defendant may take advantage of it by proper motion, and if necessary the court will raise the objection itself. [Footnotes omitted]
2A Moore's Federal Practice ¶ 8.29[3] at 8-89 (2nd ed. 1989).
The county court judge in this case in an opinion which one must admire for its unusually extensive research and sound reasoning reached the correct result, in my view, and should be affirmed.
DAN M. LEE, P.J., and SULLIVAN and BLASS, JJ., join this opinion. *Page 838